```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

MARC A. GARCIA,                        )
                                       )
         Plaintiff,                    )
                                       )
    v.                                 ) Civil Action No. 05-1285 HHK
                                       )
CONDOLEEZZA RICE, Secretary of State   )
   of the United States of America,    )
                                       )
         Defendant.                    )
                                       )
```

                                ANSWER

    Comes now, the Secretary of State, in her official capacity, see Complaint at 1, (hereinafter, "Defendant"), by and through undersigned counsel, and answers plaintiff's Complaint and states as follows:

                            FIRST DEFENSE

    The Complaint fails to state a claim upon which relief can be granted, and can not identify any waiver of sovereign immunity for a claim under 42 U.S.C. § 1981.

                            SECOND DEFENSE
                      (Failure Timely To Exhaust)

    Insofar as Plaintiff may be seeking to assert claims based on alleged actions against him other than those he timely presented to an Equal Employment Opportunity ("EEO") counselor and for which he properly completed the administrative EEO process, he has failed timely to exhaust necessary administrative remedies that are a prerequisite to pursuing a civil action in this Court.

## THIRD DEFENSE

Defendant responds to the enumerated allegations under each Section of the Complaint by the corresponding enumerated Paragraphs and Sections below:

1. This paragraph constitutes Plaintiff's characterization of his claims, a question of law to which no response is required. To the extent that a response is deemed required, Defendant admits that plaintiff purports to bring this action under Title VII of the Civil Right Act of 1964; the Civil Rights Act of 1991; the Civil Rights Attorney's Award Act; and 29 C.F.R. Part 1614 et seq., but denies that plaintiff suffered any unlawful discrimination in employment with the United States Government.

2. Venue involves a question of law to which no response is required. To the extent that a response is deemed required, Defendant denies that any unlawful employment practices alleged in the Complaint occurred and that the cited venue provision applies to this action. Defendant denies that any of its policy decisions violated federal law.

3. Defendant admits that Plaintiff is an African-American male who has been employed as a Special Agent within the Diplomatic Security Service (DSS) of the United States Department of State since 1986. Defendant has insufficient information to affirm where plaintiff physically resides. The remainder of this

paragraph addresses questions of law to which no response is required. To the extent that a response may be deemed required, the conclusions of law are denied.

4. Admitted.

5. Admitted.

6. Defendant admits that on or about February 4, 2004, plaintiff timely filed his EEO case as to certain of his claims following initial contact with an EEO Counselor on a date not later than October 20, 2003; however, Defendant does not admit that all of the allegations contained in plaintiff's complaint were timely raised in an EEO claim.

7. Defendant admits that the specific issues identified in this paragraph were accepted for investigation in EEO Case No. F-022-04 in response to Defendant's letter dated April 7, 2004. The underlying factual allegations are denied.

8. Defendant admits that Plaintiff's EEO case was amended as described by Plaintiff; the underlying factual allegations are denied.

9. Defendant admits that Plaintiff's EEO case was further amended as described by Plaintiff. Defendant denies the underlying factual allegations. Defendant has no basis to affirm or deny whether this claim was specifically added as an additional claim "for a federal court lawsuit."

10. Defendant denies the factual allegations contained in

this paragraph, and also denies that the claims described in this paragraph were timely filed.

11. Defendant denies that the claims contained in paragraph 10 were timely filed. The remainder of this paragraph contains Plaintiff's legal characterization of his case, to which no response is warranted. To the extent that a response may be deemed required, the characterizations are denied.

12. Defendant has insufficient information to either affirm or deny the allegations in this paragraph and notes that it refers to claims that were not timely filed. These allegations are therefore denied.

13. Defendant denies any and all racial discrimination against Plaintiff and notes that Plaintiff did not timely file an EEO complaint for any incidents occurring between 1986 and 2002.

14. Defendant denies the allegations in this paragraph and notes that Plaintiff did not timely file an EEO complaint based on these allegations.

15. Defendant denies the allegations in this paragraph and notes that Plaintiff did not timely file an EEO complaint based on these allegations.

16. Defendant admits that, in each of Plaintiff's U.S. Foreign Service Employee Evaluation Reports, his rater provided input in sub-section C of Section III of Form DS-1829, which reads, "Areas for Improvement: The following must be

completed for all employees.  Employees should be made aware of areas where they should concentrate their efforts to improve. Based on your observation of the employee in his/her present position, specify at least one area in which he/she might best direct such efforts.  Justify your choice (the response is not to be directed to need for formal training)."  Defendant denies the remaining allegations in this paragraph and notes that Plaintiff did not timely file an EEO complaint based on these allegations.

     17.  Defendant has insufficient information to affirm or deny whether Plaintiff was assigned to drive a limousine for Protective Details during an "early part of Plaintiff's career." Defendant denies the remaining allegations in this paragraph and notes that Plaintiff did not timely file an EEO complaint based on these allegations.

     18.  Defendant denies the allegations in this paragraph and notes that Plaintiff has not filed an EEO complaint based on these allegations.

     19.  Defendant has insufficient information to affirm or deny which agents were selected for which "dangerous undercover assignments" during an unspecified period of time in New York City.  These allegations are therefore denied.  However, Defendant denies having engaged in any illegal employment practices or racial discrimination, and notes that Plaintiff has not filed any EEO complaint based on these allegations.

20.   Defendant has no record of Plaintiff being tried on criminal charges in the United States District Court for the District of Columbia.  Defendant can neither confirm nor deny that an unspecified individual of "the Court" stated that the alleged trial was a "waste of three days time."  Defendant has no record of a Special Agent Passilico ever being employed with the Department of State.  To the extent comments allegedly made are being attributed to Special Agent Michael Posillico, they are denied.  The remainder of the allegations in this paragraph are denied.  Defendant notes that Plaintiff has not filed any EEO complaint based on these allegations.

21.   Defendant has no record of a Special Agent George Gains ever being employed with the U.S. Department of State.  To the extent the comments allegedly made in this paragraph are attributed to Special Agent George Gaines, the allegations are denied.  Defendant notes that Plaintiff has not filed any EEO complaint based on these allegations.

22.   Defendant has no record of a Special Agent Steve Jenkins ever being employed as a Diplomatic Security Agent with the U.S. Department of State.  Defendant can neither confirm nor deny whether an individual named Steve Jenkins made the comments described in this paragraph.  These allegations are therefore denied.  Defendant notes that Plaintiff has not filed an EEO complaint based on these allegations.

23.  Defendant has insufficient information to affirm or deny what comments may have been made to Plaintiff by unidentified individuals at unspecified points in time.  These allegations are therefore denied.  Defendant additionally notes that Plaintiff has not filed an EEO complaint based on these allegations.

24.  Defendant has insufficient information to affirm or deny what comments may have been made to Plaintiff by unidentified individuals at unspecified points in time.  These allegations are therefore denied.  These allegations are therefore denied.  Defendant notes that Plaintiff has not filed an EEO complaint based on these allegations.

25.  Defendant admits that Plaintiff has bid for positions designated for Grade FS-2 at various points throughout his career.  Defendant has insufficient information to either affirm or deny whether Plaintiff was selected by a panel to fill an unspecified position in "approximately 2001" or whether unidentified individuals made the comments described in paragraph 25.  These allegations are therefore denied.  Defendant notes that Plaintiff has not filed an EEO complaint based on these allegations.

26.  Defendant admits that Plaintiff's arrival at the U.S. Embassy in Nassau, Bahamas, was delayed in 1999 because the embassy was under a mandatory evacuation order due to Hurricane

-7-

Floyd. All other allegations in this paragraph are denied. Defendant notes that Plaintiff has not filed an EEO complaint based on these allegations.

27. Defendant denies the allegations in this paragraph, except to admit that Defendant engaged in a routine investigation in accordance with law and regulation as part of a periodic review of Plaintiff's eligibility for a security clearance, and that this investigation was opened on March 22, 2002 and closed on September 3, 2003.

28. Defendant denies that allegations arising from the period 1986 through 1991 would be "well outside the scope of the security clearance review" in a routine investigation. Defendant denies the allegations in this paragraph, except to admit that Defendant engaged in a routine investigation in accordance with law and regulation as part of its periodic review of Plaintiff's eligibility for a security clearance, that this investigation was opened on March 22, 2002 and closed on September 3, 2003, and that agents in the Miami Field Office were involved with the investigation.

29. Defendant admits that Plaintiff worked as a Shift Leader at the United Nations General Assembly between September 18 and September 29, 2003 and was not assigned an Agent-In-Charge (AIC) position. All other allegations in this paragraph are denied.

30. Defendant admits that Plaintiff worked on a midnight shift at the United Nations General Assembly between September 18 and September 29, 2003.  The statement that a day shift position was "commensurate with [Plaintiff's] grade, experience, and seniority" is a characterization on the part of Plaintiff, to which no response is warranted.  To the extent that a response may be deemed required, the characterizations are denied.  All other allegations in this paragraph are denied.

31. Defendant admits that, on or about October 10, 2003, Plaintiff was informed that he was denied a promotion from Grade FS-03 to Grade FS-02.  Defendant admits that, at the time, Plaintiff was serving in an FP-02 position.  Defendant denies that any decisions made with regard to Plaintiff's promotions and assignments were based on race, national origin, color, prior EEO activities, or any other prohibited factor.

32. Defendant admits that Plaintiff was sent on a temporary detail to Riyadh, Saudi Arabia in approximately November 2003 and that Plaintiff and Special Agent Hoyt Alexander discussed Plaintiff's tour of duty in Nassau, Bahamas during this temporary detail.  Defendant denies all other allegations in this paragraph and notes that Plaintiff has never filed an EEO complaint based on these allegations.

33. Defendant admits that Plaintiff requested an assignment to an FP-02 Security Officer position at the Miami Field Office

by e-mail dated April 13, 2004, and that he was assigned to position number 172582/S7250400, Security Officer, DS/I/MFO and informed of the assignment on or about May 12, 2004. All the remaining allegations in this paragraph are denied.

    34. Defendant admits that Plaintiff bid on all of the positions listed in this paragraph, in addition to position number 172582/S7250400, and that he was selected for position number 172582/S7250400 instead of the other positions listed in this paragraph. The remainder of this paragraph consists of Plaintiff's characterization of his claims, to which no response is required. To the extent that a response may be deemed required, the characterizations are denied.

    35. Defendant admits that Plaintiff bid on position number 171830/S6017901, in addition to position number 172582/S7250400, and that he was selected for position number 172582/S7250400 instead of 171830/S6017901.

    36. Denied.

    37. Defendant has insufficient information to affirm or deny Plaintiff's characterization of his education, military rank and experience, and other abilities relative to other Diplomatic Security agents. These allegations are therefore denied. Defendant denies discriminating against Plaintiff on the basis of race, national origin, color, prior EEO activities, or any other prohibited factor.

38. Defendant denies having engaged in any unlawful discrimination or retaliation for protected activities. Defendant has insufficient information to affirm or deny allegations about Plaintiff's personal esteem, personal stress, personal humiliation, and/or acute mental pain and suffering. These allegations are therefore denied.

39. See responses to paragraphs 1-38.

40. Denied.

41. See responses to paragraphs 1-40.

42. Denied.

43. Denied, except to admit that Plaintiff was assigned to a position in the Miami Field Office pursuant to his request and informed of this decision on or about May 12, 2004.

44. See responses to paragraphs 1-43.

45. Denied, except to admit that Plaintiff has not been promoted to Grade FS-02.

46. See responses to paragraphs 1-45.

47. Denied, except to admit that Plaintiff has not been promoted to Grade FS-02.

48. Denied, except to admit that Plaintiff was not selected for any of the four positions listed in this paragraph.

49. Denied, except to admit that Plaintiff was not selected for position number 171830/S6017901.

50. See responses to paragraphs 1-49.

In response to the remaining allegations in the complaint, these allegations constitute a prayer for relief, which requires no response. To the extent that a response is deemed necessary, however, defendant denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant further avers that any award of compensatory damages for Plaintiff's claims would be subject to and limited by 42 U.S.C. § 1981a, and that exemplary or punitive damages may not be awarded in this action. Defendant further denies that plaintiff is entitled to a jury trial on all of his claims. The Defendant denies each and every allegation contained in the complaint not specifically admitted herein.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

OF COUNSEL:

Lara A. Ballard
Attorney Adviser
Office of the Legal Adviser/Employment Law
Department of State, Suite 5425
2201 C Street, N.W.
Washington, DC 20520

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Answer has been made through the Court's electronic transmission facilities on this 6th day of September, 2005.

```
_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230
```