## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARC A. GARCIA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Civil Action No. 05-cv-0185 |
| v. | ) | |
| | ) | Judge Henry H. Kennedy |
| CONDOLEEZZA RICE, | ) | |
| SECRETARY OF STATE, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## PARTIES' JOINT REPORT PURSUANT TO LOCAL RULE 16.3

Pursuant to Local Rule 16.3 and Fed. R. Civ. P. 26(f), the parties hereby respectfully submit their Meet and Confer Statement, which is based upon telephonic meetings and exchanges of e-mail between Assistant United States Attorney W. Mark Nebeker, on behalf of Defendant, and Michael W. Beasley, Esq., counsel for Plaintiff, initiated on January 13, 2006.

This case was brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. Plaintiff Marc Garcia is an employee of the Diplomatic Security Service ("DSS") of the United States Department of State ("DOS"). In this action, Plaintiff Garcia alleges unlawful discrimination in Federal employment based upon race (African-American), color (Black), national origin (Hispanic), and unlawful retaliation for protected EEO activities. Plaintiff filed at the administrative level an Equal Employment Opportunity ("EEO") complaint against the Department of State (EEO Case No. F-022-04), which subsequently was amended on two occasions, and

regarding which relief was denied by Department of State Final Agency Decision ("FAD").

Plaintiff Garcia's initial EEO Complaint alleged specific acts of discrimination (on the bases of race, color and national origin) and unlawful retaliation regarding the denial of an opportunity to work in an Agent-in-Charge position; the denial of an opportunity to work a day shift position within the Diplomatic Security Service commensurate with his grade; experience and seniority; and the denial of his promotion from Grade FS-03 to Grade FS-02, all of which occurred during September-October 2003.

Plaintiff Garcia's EEO Complaint was amended in June 2004 to incorporate an allegation of unlawful retaliation when, in May 2004, he was removed from his position as Resident Agent-in-Charge ("RAC") of Diplomatic Security for the San Juan Resident Office, located in Puerto Rico, and was reassigned to a Unit Supervisor position in the Diplomatic Security Miami Field Office.

Plaintiff Garcia's EEO Complaint was further amended in August 2004 to include the allegation that he was further unlawfully retaliated against when he was non-selected for four separate Agent-in-Charge positions within the DSS.

Plaintiff Garcia further Alleges that he was systemically and categorically discriminated and retaliated against when he was denied timely promotions from Grade FS-03 to Grade FS-02 on an annual and recurring basis from 1993 to the present; and that he has been discriminated and retaliated against through the presence of a hostile work environment within the DSS since at least 1986, characterized by receiving disparaging and racially-motivated remarks and comments by his superiors and co-workers, by being

given unnecessary and harassing interrogations in the course of periodic security clearances, and by periodically being given improper threats to remove his security clearance.

Defendant denies the allegations that Plaintiff Garcia has been subjected to any discrimination whatsoever , including unlawful retaliation.  Defendant maintains that the actions taken by DOS and its senior personnel within DSS with respect to Plaintiff were reasonable, justified, and not in violation of the law. The Defendant also offers a number of affirmative defenses on its behalf.

For the Court's convenience, the remainder of the discussion herein follows the numbering and topics set forth in Local Rule 16.3(c).

1.     <u>Dispositive Motions and Effect on Discovery</u>: Defendant anticipates the filing of one or more dispositive motions in the case.  Plaintiff has asserted claims under 42 U.S.C. §§ 1981 and 1988,  that Defendant submits cannot be maintained against the Federal government.  In addition, some of his allegations date back as far as 1986 and 1993, <u>see</u>, <u>e.g.</u>, Complaint, ¶ 10.  Thus, Defendant submits that certain claims have not been timely presented and exhausted through the agency's Equal Employment Opportunity ("EEO") process, and are therefore untimely.  At this time it is unclear whether the more efficient manner of resolving those claims would be to file a pre-discovery motion to dismiss the claims, or whether it is more efficient to wait and file a single motion after all discovery is completed.  This will depend on the amount of discovery that is sought on these claims.  Thus, Defendant intends to proceed with discovery at this time, while reserving the right to file a dispositive motion on these untimely and non-Title VII claims, if the efforts to secure discovery on those claims

requires more effort than the drafting and resolution of a pre-discovery motion to dismiss. Defendant would then seek a protective order pending a ruling on the dismissal of those claims.  If the Court prefers to reduce the claims in the Complaint before discovery begins, Defendant asks for three weeks to complete a pre-discovery motion to dismiss or, in the alternative, motion for partial summary judgment.

Any post-discovery dispositive motions should be filed within forty-five (45) days after the close of discovery; any opposition to such a motion should be filed within thirty (30) days after service of the motion; and any reply should be filed twenty (20) days after service of the opposition.

2.    Amendment to Pleadings:  At this time, the Parties do not anticipate that it will be necessary to join additional or third parties, or to amend their pleadings.

3.    Assignment to Magistrate Judge:  At this time, both Parties oppose referral of this case to a Magistrate Judge.

4.    Settlement Possibility:  The Parties have not discussed settlement as of the date of this filing.  The Parties believe that mediation in this case should take place after the close of discovery.  Should the developments of the case during discovery indicate that moving forward immediately to discovery discussions would be fruitful, then the Parties will notify the Court.

5.    Alternative Dispute Resolution:  The Parties believe that alternative dispute resolution may be appropriate after the close of discovery.

(i)    Plaintiff Garcia's objective in bringing this suit is to obtain the relief set forth in the Complaint.  Defendant's objective in defending the suit is to obtain post-discovery summary judgment in her favor.

(ii)     The Parties have not engaged in any settlement discussions.

(iii)    The Parties agree that settlement discussions should occur after the close of discovery.

(iv)    The Parties, at this time, do not know whether the case will benefit from a neutral evaluation.  If such evaluation were to occur, however, the Parties believe that it should be done after discovery.

(v)     The Parties do not believe that discovery should be stayed.

6.     <u>Dispositive Motions/Discovery Timeframe</u>:  As noted above, the Parties believe that any post-discovery dispositive motions, if appropriate, should be filed within forty-five (45) days after the close of discovery; that any opposition to the motion for summary judgment should be filed within thirty (30) days after receipt of the filing of the motion; and that any reply brief should be filed within twenty (20) days after receipt of the filing of the opposition brief.   If, as discovery proceeds, the Defendant believes that it would be more efficient to file a motion to dismiss or for summary judgment as to certain claims or issues, Defendant reserves the right to do so and to seek a protective order as to discovery on such claims as are the subject of the motion.

7.     <u>Initial Disclosures</u>:  Because of the extensive Investigative File compiled at the Agency level regarding the Equal Employment Opportunity (EEO) Complaint, as amended, filed by Plaintiff Garcia, the Parties are willing to stipulate to dispensing with the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

8.     <u>Discovery</u>:  The Parties propose that discovery be completed 210 days from the date of the Initial Scheduling Conference, now set for Friday, February 3, 2006.

The reason for this extended period of discovery is the current mobilization for active military duty of Plaintiff Garcia, who is an officer in the United States Army Reserve. Plaintiff Garcia's involuntary mobilization and placement on active duty commenced in September 2005, and is scheduled to continue for at least one year. Plaintiff currently is assigned to duties in Norfolk, Virginia, and should have limited availability to participate in discovery on a continuing basis for the immediate future. However, should Plaintiff be detailed for overseas duty while this case is pending, it may be necessary for Plaintiff to request a stay of the proceedings.

The Parties believe that discovery matters, including limitations placed on discovery, should be governed by the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Columbia. Specifically, the Parties believe that twenty-five (25) interrogatories and seven (7) depositions per party should be sufficient.

9.      Experts:  The Parties do not know at this time whether expert witnesses may be necessary. The Parties propose that any experts be designated no later than sixty (60) days after the commencement of discovery, and that any rebuttal experts be designated no later than thirty (30) days thereafter. The Parties propose that all other requirements of Fed. R. Civ. P. 26 regarding experts should apply.

10.      Class Actions:  This case is not a class action and, therefore, this paragraph of Local Rule 16.3 does not apply.

11.      Bifurcation of Discovery or Trial:  The Parties do not see any need for bifurcation at this time.

12.    <u>Proposed Date for the Pretrial Conference</u>:  The Parties believe that the

Pretrial Conference for this proceeding should be scheduled following the Court's rulings

on any post-discovery, outstanding dispositive motion.

13.    <u>Trial Date</u>:  The Parties believe that the Court should schedule a trial date

at the Pretrial Conference.

14.    <u>Other Matters</u>:  Plaintiff Garcia would merely reiterate the fact of his

current status on active military duty, and would note that a subsequent overseas

deployment may require Plaintiff respectfully to seek a stay of these proceedings until his

return to the United States.

Respectfully submitted,

|  |  |
|---|---|
| _____/S/_____ | _____/S/_____ |
| MICHAEL W. BEASLEY, ESQ. | KENNETH L. WAINSTEIN |
| D. C. Bar No. 248930 | D. C. Bar No. 451058 |
| 411 East Broad Street | United States Attorney |
| Falls Church, Virginia  22046 |  |
| Phone:  (703) 241-2909 | _____/S/_____ |
| Fax:  (703) 241-5885 | R. CRAIG LAWRENCE |
| E-Mail:  beasleys@erols.com | D. C. Bar No. 171538 |
|  | Assistant United States Attorney |
| Counsel for Plaintiff |  |
|   Marc A. Garcia | _____/S/_____ |
|  | W. MARK NEBEKER |
|  | D. C. Bar No. 396739 |
|  | Assistant United States Attorney |
|  | U. S. Attorney's Office – Civil Division |
|  | 555 4th Street, N. W. |
|  | Washington, D. C.  20530 |
|  | Phone:  (202) 514-7230 |
|  |  |
|  | Of Counsel: |
|  |  |
|  | Lara A. Ballard |
|  | Attorney Adviser, |
|  | Office of the Legal Adviser/ |
|  |   Employment Law |
| Dated:  January 27, 2006 | Department of State |