UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARC A. GARCIA, )<br>　)<br>　　Plaintiff, )<br>　)<br>v. )<br>　)<br>CONDOLEEZZA RICE, )<br>　In Her Official Capacity as Secretary, )<br>　United States Department of State, )<br>　)<br>　　Defendant. )<br>　) | Civil Action No. 05-1285 (HHK) |

**PLAINTIFF'S MOTION TO COMPEL**
**PRODUCTION OF DISCOVERY**

Plaintiff Marc Garcia, by and through counsel, hereby moves for an Order of the Court directing the compelling of discovery responsive to Plaintiff's second and third requests for production. Pursuant to the Local Rules, counsel for Defendant has been notified on several occasions that Plaintiff will file such motion should responses not be forthcoming, and it is presumed that Defendant may oppose such motion.

1. Discovery in this case currently is due to conclude on or about May 1, 2007. By separate filing of this date, Plaintiff has moved for an extension of time to complete discovery to June 15, 2007. Should the Court grant this instant motion, it is anticipated that Defendant will be able to provide all directed discovery within thirty (30) days of the Court's Order, and in all likelihood prior to June 15, 2007.

2. The genesis of this motion is the need for Plaintiff to obtain information relevant to the issue of Plaintiff Garcia's habitual non-selection (based upon alleged racial discrimination and prior protected EEO activity) for promotion to Grade FS-2 in

the Diplomatic Security Service (DSS) of the Department of State (DOS or State Department). Specifically at issue is Plaintiff's non-selection for promotion as a result of the conduct of the 2003 and 2004 DOS promotion boards, when Plaintiff Garcia was among the final candidates for promotion selection, but was "ranked" among the non-selectees of the finalists. This result was in the context of historically low promotion selection rates within the DSS for minorities, and particularly low promotion selection rates for Black applicants and those with a history of prior protected activity.

    3. Three primary categories of information are sought herein, and have been the primary thrust of discovery sought since the inception of this case. These three categories of information are deemed critical to Plaintiff's claims in this case.

        a. First, Plaintiff needs to determine and evaluate information which allegedly placed Plaintiff in the "non-selected" category of those individuals who were finalists for promotion consideration. Defendant has summarized the situation in a response to Plaintiff's Request for Admission:

> "Defendant admits that, in 2003, Plaintiff was among 121 Diplomatic Security agents deemed eligible for promotion to FS-2; that the promotion board recommended and rank-ordered 64 of those 121 for promotion to FS-2; that Plaintiff was among those 64 recommended; that Plaintiff was ranked 50 out of the 64; and that Plaintiff did not receive a promotion because there were only 38 promotion opportunities available in 2003. Defendant admits that, in 2004, Plaintiff was among 135 Diplomatic Security agents deemed eligible for promotion to FS-2; that the promotion board recommended and rank ordered 57 of those 135 for promotion to FS-2; that Plaintiff was among those 57 recommended for promotion; that Plaintiff was ranked 55 out of 57; and that Plaintiff did not receive a promotion because there were only 47 promotion opportunities available in 2004."

Defendants Admission 2.

    In order to ascertain how Plaintiff could have been twice "non-selected" based upon the putative finalist rankings (which, of necessity, means that a number of the

previous non-finalists from 2003 were elevated over Plaintiff as finalists and selectees for the 2004 board), Plaintiff has sought identification of all information on individual applicants placed before the two boards. These include individual selected applicant microfiche files, performance appraisals, and positive and negative information available to each board.

To date, Defendant has provided only a one page summary statement for the finalists for the 2003 board, and nothing whatsoever regarding the finalists for the 2004 board. While the information summary (generated by DOS) provides useful reference to certain background information, such summary provides absolutely no basis for ascertaining how the finalists were rank ordered. Defendant has asserted that providing more detailed information would violate the Foreign Service Act, and has refused to provide more detailed information even under a Confidentiality Agreement and Protective Order.

      b. Plaintiff also has sought information pertaining to the deliberations of the 2003 and 2004 boards. Specifically, Plaintiff has sought board agenda and scheduling information; any calculations or worksheets of either board members or the entire board used to rank order the finalist candidates; and any recordings or writings regarding deliberations of the boards. Defendant has refused to provide all such information, and asserts that all board deliberative materials have been destroyed.

      c. Plaintiff also has sought specific and detailed information regarding demographic promotion (exclusively to Grade FS-2) selection rates for Blacks and other minorities. While Defendant has provided the number of Black applicants selected for DSS promotion to Grade FS-2 in each of the years between 1996 and 2005 (most of

3

which reflect 0 or 1 Black selectee for promotion), Defendant refuses to provide the total number of Black applicants in the eligible pool, and the total number of Black applicants in the finalist pool for each year.  Moreover, Defendant has refused to provide any studies, statistics or other data evaluating or citing racial promotion selection rates among eligible employees (which it is known by Plaintiff are compiled annually within the Department of State).

    4. Following the delivery of Defendant's first responses to Plaintiff's interrogatories and requests for production of documents, it was determined by Plaintiff that the vital information necessary to determine the fairness and any apparent unlawful biases in the ranking of individuals for promotion had not been produced.  Thus, in mid-December 2006, Plaintiff delivered to Defendant several follow-up interrogatories and document request clarifications.  The first such document, dated and delivered to Defendant's counsel on December 15, 2006, is provided herewith as Exhibit 1.  This request specifically addresses requirements for individual information regarding competitors for promotion; race-based demographic information regarding the composition of applicant pools and finalist pools for a number of years; and further information regarding board deliberations.

    5. Additionally, on December 16, 2007, Plaintiff delivered to Defendant a third document request.  This document is provided herewith as Exhibit 2.  This document request requires production of "all documents, reports, publications, summaries, investigative products, research studies, or papers …," whether generated inside DOS or through outside contractors, regarding promotion selection rates within the DSS.  As of

the date of this motion, and despite repeated requests, Defendant has failed to respond in any manner to this request.  See Plaintiff's Letter dated February 15, 2007 (Exhibit 3).

6. Additionally, while several of Defendant's initial responses to Plaintiff's interrogatories and requests for production of documents states that such information or items will be provided pursuant to a Confidentiality Agreement and Protective Order, and Plaintiff has continuously expressed a willingness to execute such Agreement, none has been provided and the cited information has not been forthcoming.

7. Finally, Plaintiff has sought the location and further contact information regarding Graehme Baxter, the civilian member of the 2003 DSS promotion board who Plaintiff desires to depose.  Baxter is important as he/she is the author of a scathing critique of the board deliberations and promotion selection process which was provided to Plaintiff in document discovery.  The Defendant, however, refuses to provide any information at all regarding the location or affiliation of Baxter, and states that there is no record of such person.

For the foregoing reasons, Plaintiff respectfully moves this Honorable Court to direct the production of the discovery sought previously, and to date refused.  Indeed, in over twenty Federal Defendant Title VII cases litigated over the past decade, this is the first instance in which undersigned counsel has met with the level of non-cooperation in discovery necessitating the filing of a motion to compel production of discovery.  In combination with the granting of the previously filed Plaintiff's motion for extension of time to complete discovery, such Order of the Court will provide Plaintiff a reasonable opportunity to present his case to the jury as the ultimate fact-finder.

A proposed Order is attached for the Court's consideration.

        Respectfully submitted,


      __/s/ *Michael W. Beasley*__
      MICHAEL W. BEASLEY, ESQ.
      D. C. Bar No. 248930
      200 Park Avenue, Suite 106
      Falls Church, Virginia  22046
      Phone:  (703) 533-5875
      Fax:  (703) 533-5876
      E-Mail:  beasleys2@verizon.net

      Counsel for Plaintiff Marc A. Garcia

Dated:  May 1, 2007


## CERTIFICATE OF SERVICE

I hereby certify that one copy of the foregoing "Plaintiff's Motion to Compel Production of Discovery," with attached proposed Order and cited exhibits, has been served, by electronic mail (e-mail) and by first-class mail, postage prepaid, this 1st day of May, 2007, to the following named counsel for Defendant in this proceeding:

William Mark Nebeker, Esq.
Assistant United States Attorney
United States Attorney's Office - Civil Division
555 4th Street, N. W.
Washington, D. C.  20530
E-Mail:  mark.nebeker@usdoj.gov


      __/s/   *Michael W. Beasley*__
      Michael W. Beasley, Esq.
      D. C. Bar No. 248930
      Attorney for Plaintiff Marc A. Garcia