**LAW OFFICES OF MICHAEL W. BEASLEY**
411 EAST BROAD STREET
FALLS CHURCH, VIRGINIA 22046
TELEPHONE (703) 241-2909   FAX (703) 241-5885

December 15, 2006

**BY HAND**

William Mark Nebeker, Esq.
Assistant United States Attorney
United States Attorney's Office, Civil Division
Judiciary Center Building
555 4th Street, N. W.
Washington, D. C. 20530

   RE: Continuing Objections to Defendant's Discovery Responses;
     Requests for Clarification or Expanded Responses or, in the
     Alternative, Additional Requests (2d Set) for Discovery Responses;
     in re: Garcia v. Rice, CA No. 05-cv-0185 (HHK)

Dear Mr. Nebeker:

  As previously noted, Defendant's responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents are highly unsatisfactory and self-serving. Please consider this a request for clarification and/or more responsive answers and documents than was originally produced by Defendant.

  Particularly, information has been withheld from production which is absolutely essential to the Plaintiff's case, and which was timely and specifically requested. Where you believe that this correspondence extends the discovery requests of Plaintiff, however, this correspondence may be considered as Plaintiff's Second Set of Interrogatories and Requests for Production of Documents.

  Specifically, I cite the following notice, which was bold-faced in the Plaintiff's First Set of Interrogatories and Requests for Production of Documents:

**"PLEASE NOTE: SHOULD ANY INFORMATION OR ANY DOCUMENTS REQUESTED FOR PRODUCTION BY PLAINTIFF IN THIS PROCEEDING BE DEEMED CONFIDENTIAL OR PROPRIETARY IN NATURE, PLAINTIFF IS WILLING TO EXECUTE IMMEDIATELY A "CONFIDENTIALITY AGREEMENT" AUTHORIZING UNRESTRICTED ACCESS TO SUCH INFORMATION AND DOCUMENTS. EXPURGATED INFORMATION AND DOCUMENTS ARE NOT ACCEPTABLE FOR PRODUCTION, WITH THE EXCEPTION OF FORMAL APPLICATION OF ATTORNEY-CLIENT PRIVILEGE."**

William Mark Nebeker, Esq.
Assistant United States Attorney
December 15, 2006

    Despite this notice, numerous responses of Defendant cited both a general objection about producing information and documents containing Privacy Act restriction, and several of the individual responses were replete with recurring objections about the provision of privacy and "Official Personnel Files" information under Sections 603-604 of the Foreign Service Act, 22 USC Sections 4003-4004, regarding promotion deliberations and determinations. There is absolutely no basis in law, however, to any claim that such information cannot or should not be provided in response to duly promulgated discovery under the auspices of an appropriate Protective Order.

    The following Interrogatories are identified as relevant to these objections to the responses initially provided by the Defendant:

**Interrogatory 2:** Identify all special agents or personnel of the Diplomatic Security Service who were considered for selection to promotion from Grade FS-03 to Grade FS-02 pursuant to a promotion announcement issued on or about October 10, 2003.
    a. For each such agent or individual considered for the above-described promotion action, including Plaintiff Marc Garcia, identify his or her race, national origin and color;
    b. For each such agent or individual considered for the above-described promotion action, including Plaintiff Marc Garcia, provide a full description of all personnel, achievement, disciplinary, or any other information which was considered or might have been considered by the promotion authority, panel or board considering such personnel for promotion.
    c. For each such agent or individual considered for the above-described promotion action, including Plaintiff Marc Garcia, state his or her start date with the Department of State, his or her start date with the Diplomatic Security Service, the date(s) of every previous promotion received by each agent or individual, and each previous assignment (including position title and dates of assignment) of each individual agent or individual considered for promotion.
    d. For each such agent or individual considered for the above-described promotion action, including Plaintiff Marc Garcia, state his or her educational level, Departmental or other training previously received, previous civilian or military job experience, level of Department of State performance appraisals, and any awards, achievements or disciplinary actions considered within the promotion selection process;
    e. For each such agent or individual considered for the above-described promotion action, state whether or not the agent or individual actually was selected for promotion to Grade FS-02; state why each such agent or individual selected was selected over the Plaintiff for promotion to Grade FS-02; and state the designated assignment position of each such agent or individual selected for promotion, following his or her promotion to Grade FS-02.

William Mark Nebeker, Esq.
Assistant United States Attorney
December 15, 2006

**Interrogatory 4:** Identify all communications of any form and type, which discuss, describe, or constitute support or bases for the determination by Department of State officials to select any successful agents or individuals for promotion to Grade FS-02 resulting from the promotion process resulting in a promotion announcement on or about October 10, 2003; and identify all communications of any form and type, which discuss, describe, or constitute support or bases for the determination by Department of State officials to <u>not</u> select Plaintiff Marc A. Garcia for promotion to Grade FS-02 resulting from the promotion process and the promotion announcement of approximately October 10, 2003.

**Interrogatory 9:** For all promotion selections from Grade FS-03 to Grade FS-02 within the State Department Diplomatic Security Service beginning January 1, 1993, through the date of the response to this Interrogatory, state the following:
    a. The date of each such annual, periodic, or episodic promotion selection consideration;
    b. By date of promotion selection consideration, the name, race, national origin, and color of each individual considered for promotion selection;
    c. By date of promotion selection consideration, the start date as a Department of State employee, and the start date as a member of the Diplomatic Security Service, of each individual considered for promotion selection;
    d. By date of promotion selection consideration, a brief synopsis of education, training, civilian or military background, Department of State performance evaluations or appraisals, accomplishments, awards, and disciplinary actions regarding each individual considered for promotion selection; and,
    e. By date of promotion selection consideration, identify whether or not the individual eligible for promotion actually was selected for promotion to Grade FS-02.

With respect to each of these Interrogatories, the Defendant failed to provide considerable responsive and relevant information and documents. **WHERE SUCH INFORMATION AND DOCUMENTS WILL BE PROVIDED ONLY PURSUANT TO A CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER, IT IS IMPERATIVE THAT A PROPOSED CONFIDENTIALITY AGREEMENT AND ORDER SUFFICIENT FOR THE DEFENDANT BE PRESENTED IMMEDIATELY TO THE UNDERSIGNED COUNSEL FOR PLAINTIFF; AND THAT SUCH INFORMATION OR DOCUMENTS BE PROVIDED WITHIN THE TIME PERIOD ESTABLISHED FOR DISCOVERY UNDER THE RULES OF CIVIL PROCEDURE FOLLOWING THE EXECUTION OF THE CONFIDENTIALITY AGREEMENT AND ISSUANCE OF THE PROTECTIVE ORDER.**

Specifically, for each promotion board conducted between 1996 (I will agree to modify the dates of these request to represent the eligible promotion dates for Plaintiff

William Mark Nebeker, Esq.
Assistant United States Attorney
December 15, 2006

Garcia to receive promotion to Grade FS/FP-02, commencing in 1996 versus 1993), the following detailed information is required:

1) The number of special agent applicants eligible for promotion to Grade FS/FP-02 for each year from 1996 through 2006, identified by each demographic category used by the Defendant (and, as a minimum, identifying the number of Black eligible candidates per year; and the total number of eligible candidates per year). This information must supplement the selectively provided and not fully responsive promotion selection information cited in the Defendant's Response to Interrogatory 9(b).

2) For those years from 2003 through 2006, during which Plaintiff Garcia was non-selected for promotion to Grade FS/FP-02 as alleged in the original Complaint either based upon unlawful discrimination or, subsequent to 2003, based upon unlawful discrimination and unlawful retaliation, the following information must be provided:

   a. The **unredacted name and race** of all selectees for promotion during the promotion boards conducted in 2003, 2004, 2005, and 2006.
   b. **A comprehensive generic description of the complete body of information considered by the promotion selection boards regarding <u>each competitive candidate for promotion; for example, a description of the specific contents of any microfiche, computer data base, paper data base or file, or other record of information placed before and available to the board or panel considering eligible candidates for promotion!</u>**
   c. For those candidates **selected for promotion** to Grade FS/FP-02 for the years 2003 through 2006, **provide the <u>actual unredacted file used by the Board or Panel for each individual actually selected for promotion, including each such individual selectee's microfiche, computer data base, paper data base or file utilized by the promotion authority in any manner in the course of the promotion selection process!</u>** Summaries or generalized compilations of information by the Defendant with respect to the alleged qualifications of the successful applicants **ARE NOT RESPONSIVE AND WILL NOT BE ACCEPTED**.
   d. Copies of any actual and completed or draft <u>unredacted</u> **checklists, forms, notes, records, tape or audio recordings, point allocations, total point compilations, priority or rank order listings, or other deliberative materials utilized for the Defendant's promotion selection process for the years 2003 through 2006.**

William Mark Nebeker, Esq.
Assistant United States Attorney
December 15, 2006

  e. **Where the actual and completed checklists, forms, notes, records, point allocations, totals points compilations, or other deliberative are <u>not available, a copy of the blank forms, point allocations, deliberative materials, checklists, etc., used by the Defendant in the selection process for each designated year, together with a specific explanation as to the disposition or destruction process for each and every type of form used during board or panel promotion deliberations following the conclusion of such board or panel deliberations, and a statement as to any data base or source which may be used to reconstruct such original information, if such data base or source exists!</u>**

  f. With respect to each individual selected for promotion, if not otherwise provided by the discovery responses herein stated and sought, <u>**provide assignment information regarding the individual's assignment immediately prior to the individual's selection to Grade FS/FP-02, and identify the assignment which the individual selected for promotion was given following the promotion selection**</u>.

  Each item of information sought is necessary to demonstrate and prove that Plaintiff Garcia was objectively as well qualified or better qualified than any or each of the successful applicants for promotion during each of the years between 2003 and 2006. Clearly, the underlying basis for promotion selections in each designated year was a rating and ranking listing or table, which presumably was numerically or otherwise quantitatively based. Moreover, the information would establish clearly whether and what components of the selection process were quantitative versus subjective.

  As you should know, this information is fully discoverable, and is absolutely essential in this case. Such information as is requested herein is entirely consistent with what is provided in discovery with respect to U.S. District Court EEO cases in the District of Columbia involving promotions of Federal law enforcement officers; and has been provided and used by me personally in cases involving special agents of the FBI, ATF and other law enforcement Agencies. THERE IS NO LEGAL PRIVILEGE ASSOCIATED WITH THE PROVISION AND USE OF SUCH DOCUMENTS WHICH MAY NOT BE OVERCOME THROUGH THE COMPLETION OF ANY NECESSARY AND REQUESTED CONFIDENTIALITY AGREEMENT AND THE ISSUANCE OF A PROTECTIVE ORDER BY THE COURT IN THIS CASE.

  Additionally, Plaintiff requested the following items, *inter alia*, in its Requests for Production of Documents in this case:

William Mark Nebeker, Esq.
Assistant United States Attorney
December 15, 2006

    **1.** Provide the investigation notes, audiotapes, and documents of any form created or utilized by Investigators Robert Medler and/or Elizabeth Lytle, DSZ, with respect to Department of State Case Number DOS-F0022-04, EEO Complaint of Marc A. Garcia, including any and all amendments to Case Number DOS-F0022-04, whether or not such notes, audiotapes, or documents were incorporated into the final Investigation report.

    **FOLLOW UP: The ONLY Defendant's response to this request was a comment that the ROI is available. Please confirm, specifically, that there are no notes, audiotapes, or other documents which were completed by the cited investigators but which were <u>not included in the final investigation report</u>.**

    **2.** Provide any documents of any type described in these instructions, including e-mail communications, addressing or utilized in any manner by the Defendant (or its agents, employees, supervisors or other form of personnel) for the actions taken whereby Plaintiff was denied either an Agent-in-Charge (AIC) assignment and/or denied the opportunity to work a day shift position commensurate with his grade, experience and seniority, during the period September 18, 2003, through September 29, 2003.

    **FOLLOW UP: The Defendant's document response fails to cite or provide information regarding whether any examination, inspection or review was conducted to identify any e-mail or other communications exist regarding this subject within the information or data banks of the Defendant. Please confirm that such an examination, inspection or review was performed.**

    **3.** Provide any and all documents of any type described in these instructions, including all e-mail communications, addressing or utilized in any manner by the Defendant (or its agents, employees, supervisors or other form of personnel) for the actions taken whereby Plaintiff was denied promotion to Grade FS-02 as a result of the promotion consideration process conducted and resulting in a promotion announcement on or about October 10, 2003.

    **FOLLOW UP: The Defendant's document response fails to cite or provide information whether any examination, inspection or review was conducted to identify any e-mail or other communications exist regarding this subject within the information or data banks of the Defendant. Please confirm that such an examination, inspection or review was performed.**

    **4.** Provide any and all documents of any type described in these instructions, including e-mail communications, specifically citing or incorporated in the responses to the Interrogatory No. 2 above, including specifically:

William Mark Nebeker, Esq.
Assistant United States Attorney
December 15, 2006

      a. The full personnel records all special agents or personnel of the Diplomatic Security Service who were considered for selection to promotion from Grade FS-03 to Grade FS-02 and resulting in a promotion announcement on or about October 10, 2003;

      b. Those documents or extracts of the personnel records of all special agents or personnel of the Diplomatic Security Service who were considered for selection to promotion from Grade FS-03 to Grade FS-02 as announced on or about October 10, 2003; providing extracts if only certain documents from the full personnel records of each such agents or personnel were used for the promotion selection process;

      c. For each such agent or individual considered for the above-described promotion action, provide any document identifying his or her race, national origin and color;

      d. For each such agent or individual considered for the above-described promotion action, provide any document stating or evidencing educational, training, performance appraisals, achievements, disciplinary, or any other information which was considered or might have been considered by the promotion authority, panel or board considering such personnel for promotion, including any compilations or notes regarding such documents..

      e. For each such agent or individual considered for the above-described promotion action, provide any document stating his or her start date with the Department of State, his or her start date with the Diplomatic Security Service, the date(s) of every previous promotion received by each agent or individual, and each previous assignment (including position title and dates of assignment) of each individual agent or individual considered for promotion.

      f. For each such agent or individual considered for the above-described promotion action, provide any document evidencing whether or not the agent or individual actually was selected for promotion to Grade FS-02; any document evidencing why each such agent or individual selected was selected over Plaintiff Garcia for promotion to Grade FS-02; and any document reflecting or stating the designated assignment position of each such agent or individual selected for promotion, following his or her promotion to Grade FS-02.

      **FOLLOW UP: Adequate and timely responses to the requests for promotion board information contained in this correspondence (to be provided, at the Department's option, pursuant to a Confidentiality Agreement and Protective Order) will be considered satisfactory with respect to the response to this Document Request, <u>except that</u> Plaintiff also needs to know whether any examination, inspection or review was conducted to identify any e-mail or other communications exist regarding this subject within the information or data banks of the Defendant. Please confirm that such an examination, inspection or review was performed.**

William Mark Nebeker, Esq.
Assistant United States Attorney
December 15, 2006

    **6.** Provide copies of all communications of any form and type, which discuss, describe, or constitute support or bases for the determination by Department of State officials to either select any agents or individuals for promotion to Grade FS-02 resulting from the promotion process and a subsequent announcement of approximately October 10, 2003, and provide all communications of any form and type, which discuss, describe, or constitute support or bases for the determination by Department of State officials to not select Plaintiff Marc A. Garcia for promotion to Grade FS-02 resulting from the promotion process and promotion announcement of approximately October 10, 2003.

    **FOLLOW UP: The Defendant's document response fails to cite or provide information whether any examination, inspection or review was conducted to identify any e-mail or other communications exist regarding this subject within the information or data banks of the Defendant. Please confirm that such an examination, inspection or review was performed.**

    **7.** Provide all documents defined by the above Instructions, including all electronic communications of any form, which were utilized or referred to by the Defendant, its supervisors or employees, in the determination of the Defendant to remove Plaintiff Garcia from his position assignment as Resident Agent-in-Charge of Diplomatic Security for the San Juan Resident Office, located in Puerto Rico, and to re-assign Plaintiff Garcia to a Unit Supervisor position in the Diplomatic Security Miami Field Office, which occurred on or about May 17, 2004. This Document Request also includes any then relevant laws, regulations, directives, instructions or policy documents which addressed removals of a special agent employee from RAC assignments, and all such documents describing in any manner the provisions for transfers of such personnel.

    **FOLLOW UP: The Defendant's document response fails to cite or provide information whether any examination, inspection or review was conducted to identify any e-mail or other communications exist regarding this subject within the information or data banks of the Defendant. Please confirm that such an examination, inspection or review was performed.**

    **11.** For all promotion selections from Grade FS-03 to Grade FS-02 within the State Department Diplomatic Security Service beginning January 1, 1993, through the date of the response to this Interrogatory, provide all documents utilized to determine the following information provided in response to Interrogatory 9:
        a. The date of each such annual, periodic, or episodic promotion selection consideration;
        b. By date of promotion selection consideration, the name, race, national origin, and color of each individual considered for promotion selection;

William Mark Nebeker, Esq.
Assistant United States Attorney
December 15, 2006

      c. By date of promotion selection consideration, the start date as a Department of State employee, and the start date as a member of the Diplomatic Security Service, of each individual considered for promotion selection;

      d. By date of promotion selection consideration, a brief synopsis of education, training, performance evaluations or appraisals, accomplishments, awards, and disciplinary actions regarding each individual considered for promotion selection; and,

      e. By date of promotion selection consideration, identify whether or not the individual eligible for promotion actually was selected for promotion to Grade FS-02.

    **FOLLOW UP: Adequate and timely responses to the requests for promotion board information contained in this correspondence (to be provided, at the Department's option, pursuant to a Confidentiality Agreement and Protective Order) will be considered satisfactory with respect to the response to this Document Request, except that Plaintiff also needs to know whether any examination, inspection or review was conducted to identify any e-mail or other communications exist regarding this subject within the information or data banks of the Defendant. Please confirm that such an examination, inspection or review was performed.**

    **13.** Provide all personnel files, records, recordings, notes and documents of any kind, including e-mails and all forms of electronic media, pertaining to, discussing, citing or mentioning Plaintiff Marc A. Garcia, which is present or in the possession of any Defendant department or agency or individual file or record, for the periods of January 2002 through the present.

    **FOLLOW UP: The Defendant's document response fails to cite or provide information whether any examination, inspection or review was conducted to identify any e-mail or other communications exist regarding this subject within the information or data banks of the Defendant. Please confirm that such an examination, inspection or review was performed.**

    **14.** Provide all documentation, including all earning scales and tables and all benefit descriptions, which would be required to calculate all additional earnings and benefits which would have accrued to Plaintiff Marc A. Garcia had he been promoted to Grade FS-02 effective (alternatively) July 1, 1993; July 1, 2000; October 10, 2003; **and** May 17, 2004; to the date of the response, including therein presumptions of average senior Special Agent step increases for every period from July 1, 1993, forward. All documentation regarding Plaintiff's past or prospective Locality Pay, geographic pay, special qualifications pay, and/or retirement pay allowances should be included in this request.

    **FOLLOW UP: The Defendant's document response failed to provide the information sought. Please specifically provide in response to this Document**

William Mark Nebeker, Esq.
Assistant United States Attorney
December 15, 2006

**Request documentary or electronic information or copies of all applicable comparative pay rate and pay benefit scales for Grades FS/FP-03 and FS/FP-02 for each of the years 1996 through 2006. Generic information will be considered adequate for this response provided that Plaintiff Marc Garcia's specific status and pay rates for all categories of pay are included in the information and documents provided.**

**15. Provide copies of all of Plaintiff Garcia's Departmental pay records for the period July 1993 through the date of the response.**

**FOLLOW UP: Because Defendant did not provide the information as sought and instead offered to permit Plaintiff to review such records in Defendant's offices, which is not a satisfactory response, the request is amended as follows:**

**Provide copies or documents <u>or informational tables</u> of Plantiff Garcia's Departmental pay records for the period 1996 to the date of response, based upon annual or other periodic rates of pay and monetary benefits.**

Please feel free to contact me at any time regarding the contents of this correspondence.

Sincerely,

*Michael W. Beasley*
Michael W. Beasley, Esq.
Counsel for Plaintiff Marc A. Garcia

## CERTIFICATE OF SERVICE

I hereby certify that one copy of the foregoing requests for clarification or more adequate and expanded responses to "Plaintiff's First Set of Interrogatories and Requests for Production of Documents," or, in the alternative, "Plaintiff's Second Set of Interrogatories and Requests for Production of Documents" was served by hand, this 15th day of December, 2006, to the following named counsel for Defendant <u>in the care of his receptionist at his 3d Street office address and location</u>:

William Mark Nebeker, Esq.
Assistant United States Attorney
United States Attorney's Office, Civil Division
Judiciary Center Building
555 4th Street, N. W.
Washington, D. C. 20530

*Michael W. Beasley*
Michael W. Beasley, Esq.
Counsel for Plaintiff Marc A. Garcia